UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLIE THOMAS CHESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-860-G |
| | ) |
| JACOB PARSONS et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Allie Thomas Chester, appearing pro se and proceeding *in forma pauperis*, brought this federal civil rights action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings.

On April 19, 2021, Judge Erwin entered a Report and Recommendation (Doc. No. 57), in which he recommended that the Court grant the Motion to Enforce Settlement Agreement (Doc. No. 52) filed by Defendants Jacob Parsons and Allen Collins. In the Report and Recommendation, Judge Erwin advised the parties of their right to object to the Report and Recommendation by May 6, 2021. Judge Erwin also advised the parties that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the Report and Recommendation. Plaintiff did not submit an objection within the time allowed or request an extension of time to do so.

Plaintiff has since filed two motions titled "Motion to Dispute Settlement

Agreement," as well as a "Motion of Objections" with an accompanying Notice. *See* Doc. Nos. 59, 63, 66, 67.[1] The Court construes these filings as presenting an objection to the Report and Recommendation. This objection was not filed within the time allowed, however. Accordingly, the arguments presented in the objection have been waived under longstanding law. *See Ziankovich v. Large*, 833 F. App'x 721, 724 (10th Cir. 2020) (explaining that the Tenth Circuit "ha[s] adopted a firm waiver rule requiring that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court" (internal quotation marks omitted)).

The Court nevertheless has reviewed and will discuss Plaintiff's objection. Even if the Court were to consider this objection, the result would be the same because Plaintiff merely restates the arguments raised in Plaintiff's Response to Defendants' Motion to Enforce Settlement Agreement and the Court finds that those arguments were correctly rejected by Judge Erwin. Specifically, Plaintiff argues that at the time he signed the Release and Settlement Agreement, he (1) lacked legal counsel, (2) was not taking his prescribed medication, (3) was under duress by other inmates, and (4) was coerced by defense counsel. *See* Doc. Nos. 55, 59, 63, 67. In his Report and Recommendation, Judge Erwin provided detailed analysis as to why these arguments fail. Rather than address Judge

---

[1] Plaintiff additionally has filed two Motions to Appoint Counsel. *See* Doc Nos. 58, 62. Neither motion provides a basis for the Court to request counsel under the pertinent factors. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). Plaintiff has demonstrated that he is capable of presenting his claims and arguments without the assistance of counsel. Accordingly, Plaintiff's Motions to Appoint Counsel (Doc. Nos. 58, 62) are DENIED.

Erwin's reasoning, Plaintiff in his latest filings repeats his original arguments. Even if the objection had been timely presented, the Court upon de novo review would agree with and adopt Judge Erwin's findings and conclusions.

## CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 57) is ADOPTED in its entirety. Defendants' Motion to Enforce Settlement Agreement (Doc. No. 52) is GRANTED. Pursuant to the terms of the Release and Settlement Agreement, this action is DISMISSED WITH PREJUDICE. *See Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) ("A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." (internal quotation marks omitted)); *Gates Corp. v. Bando Chem. Indus., Ltd.*, 4 F. App'x 676, 682 (10th Cir. 2011) (advising that when a district court's order granting a motion to enforce a settlement agreement "terminate[s] all matters as to all parties and causes of action for all practical purposes," it is "preferable for the district court to enter judgment dismissing plaintiff's action as settled based on its order"). A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of September, 2021.

_____
CHARLES B. GOODWIN
United States District Judge